ELIZABETH DABBERT *v.* THE TRAVELERS' INSURANCE COM-
PANY OF HARTFORD, CONN.

In an action for a loss under a policy against death by accident, a statement made by deceased to his physician, upon which the physician forms his opinion, and makes a prescription, is competent evidence to prove what was the actual cause of his illness and death, although the symptoms are such as might be produced either by disease or by the accident.

*Hoadly & Johnson*, and *Archer*, for plaintiff.

*E. S. Throop* and *D. T. Wright*, for defendant.

TAFT, J. This is a case arising upon a policy insuring against injury or death from accidental means. The plaintiff's husband, on whose life the policy was issued, was employed in a foundry, and from the evidence it appears that, on or about the 10th or 11th of August, 1867, he became suddenly sick and unable to work, and remained so until the 9th day of October following, when he died.

The evidence goes further, and shows that, in the morning of the day when he last worked in the foundry he was apparently well, and that at night, when he returned home, he was weak and unable to walk, as usual, to his house; but, contrary to his custom, rode home in a street car, and that he required and received assistance in getting to the car.

It appears, further, that soon after, that is, within two or three days of the time, he called on his doctor, and informed him that he, the deceased, had received an injury to his back and side by a fall, and was prescribed for on account of the injury; that the physician found, by examination, that his back and side appeared to be very sore to the touch, and painful; that the physician saw him several times, and found him growing worse. By the testimony of the plaintiff, it appears that the back and side were blue and black, indicating to the eye serious injury, and that he was never able to work after coming home in this apparently injured condition. It appears, from both the statements of Mrs. Dabbert, the plaintiff, and from those of the two physicians who attended and prescribed for him, that he vomited mucous matter, mixed with blood or pus, for some time before he died. The opinion of the physician who first saw him, founded on the statements of the deceased and the symptoms, was that the sickness of Dabbert was caused by an injury, although he would not have been able from the symptoms themselves, without any explanation from the patient, to have determined the cause; but

forming his opinion upon the statements of the deceased, and the symptoms, he concluded that his sickness was caused by a violent fall, and prescribed for him accordingly; and that he believed that his death resulted from an injury.

It does not appear that any person was present to witness the fall, and it is claimed, on behalf of the defendant, that the declarations of the deceased are incompetent altogether as evidence of the cause of the sickness. His declarations have been excluded, except those made to his physician, and except certain declarations made to his wife, the plaintiff, and called out by the defendant on cross-examination, of which I shall speak hereafter.

The statements made to the physician were admitted, in connection with the opinion of the physician.

But it is claimed for the defendant, that although the declarations made by the deceased as to the cause of his sickness might be competent to enable the physician to form an opinion and prescribe, they are not competent, as evidence, to prove what was the actual cause of his illness and death.

It was held, when this case was before the General Term of this court, "that the physician's opinion was competent evidence, though based in part upon the statements of Mr. Dabbert, as to the cause of his sickness." It was not deemed expedient to go further in the case as presented in General Term. But I am satisfied that there is a tendency in the decisions of the present time to enlarge the range of testimony, especially where it is necessary to avoid a failure of justice. A more complete failure of justice could not be imagined than that of a man holding a policy of insurance against accident, and meeting with an accident when alone, which injured him internally and fatally, and yet causing symptoms such as might be produced by natural disease, if his statements, even to his physician, can not be taken. It seems to me reasonable to hold that the declarations of the deceased, made to his physician, who prescribes for him, and on which the opinion of the physician is in part founded, are competent evidence.

These declarations could undoubtedly be brought out on the cross-examination of the doctor by the defendant. It is not reasonable to take the opinion of the doctor, and shut out the grounds of that opinion. If the grounds on which the opinion was formed, would add weight to it, the plaintiff would seem to be as much entitled to them in chief, as the defendant would be entitled to have them on cross-examination, if they thought they would detract from it. This is the view of the subject taken by the Supreme Judicial Court of Massachusetts, in the recent case of *Barber* v. *Merriam,* 11 Al. 324 (1865).

The same principle is laid down by the Supreme Court of New York, in the still more recent case of *Fort* v. *Brown,* 45 Barb. 369 (1866). That was a case of assault and battery, where the physician of the plaintiff was a witness; and testified that " her," (the plaintiff's) " statements governed his opinion. That he could not state that they were absolutely true from any evidence of her arm having received an injury, because there was none to be seen ; but that it was internal and deep, and taking her statement that there was an injury, he could readily believe that the neuralgia might have been caused by it." Objections to this and several similar questions and answers, bringing out the opinion of the physician, based upon the plaintiff's statements, and to the statements themselves, were all overruled, and the court, in affirming the judgment, remarked that, " the witness did not know, or profess to know, in what manner, or by what means the injury happened to the plaintiff, and therefore had to rely, principally, upon her statements on that subject. It was for the jury to say, whether those statements were true, and if they should believe them, the testimony of the physician as to the effect would be applicable. If they did not believe them, they would dismiss her evidence from their consideration.

The statements of the history of his case, made to his physician by a patient, who is seeking relief from pain and severe sickness, are entitled to credit. To state untruly to

his doctor the cause of his sickness, would be directly against his most vital interest in saving his health and life. In such a case, the absence of a statement by the patient of such a cause of his sickness would be an important element in forming the physician's opinion. For if a patient did not refer to such an accident as the cause of his sickness, the doctor would necessarily conclude that the symptoms did not come from such a cause. Hence it has been held, in Ohio competent to prove the declarations of a victim of rape, made soon after the commission of the crime, as a proper mode of corroborating her testimony, though it is not taken as independent substantive evidence of the fact.

The evidence in the case satisfies me that the deceased did suffer an injury by a fall about the 10th August, 1867. He said so to his doctor, when he sought relief from pain and sickness. It is not possible to conceive, that he was, at that time, contriving to defraud the insurance company by dying a natural death under pretense of an accident.

Neither the deceased, nor his wife, the plaintiff, understood well the English language or the law. When the proof of loss was made after his death, a singular mistake in regard to the time of this fall occurred, well calculated to cast suspicion over the subsequent statement that it happened some two months later. But I am satisfied from all the testimony and especially from the statement of Dr. Harpel, who produced his book in which he entered his charges, that the time of the injury by the fall was on or about the 10th August, some sixty days before his death.